## GRUIC v KNIGHT

Ohio Appeals, 9th Dist, Summit Co

No 2070. Decided Nov 28, 1933

Lee Ferbstein, Akron, and E. E. Zesiger, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The facilities employed by the defendant were not inherently dangerous, but there is evidence in the record tending to prove that the natural result of the process of

manufacture employed by the defendant is to so affect the air on plaintiff's premises as to interfere and annoy and inconvenience plaintiff in the use and enjoyment of his property to a substantial degree.

Defendant alleged in his answer that he has "adopted all of the modern improvements which modern practice has dictated as practical, in an effort to eliminate all objectionable features, connected with the manufacture of chemical stoneware in his plant," and that "he has done everything possible to eliminate any cause for damage, inconvenience or annoyance" to plaintiff, and that "he uses only a high grade of sulphur-free coal in burning his kilns" in an effort to operate his plant "with as little inconvenience to others in the locality as it is possible so to do."

As the verdict was directed at the close of plaintiff's case, there is, of course, no evidence or admission in the record in support of said allegations of the answer; but it is also true that there is no claim in the pleadings that the defendant did not operate his plant by means of modern appliances in the usual and ordinary method or that he was in any manner negligent, and there is no evidence in the record tending to prove that he did not so operate his plant, or that he was negligent in the operation of his plant.

On the motion of the defendant, the case was taken from the jury, notwithstanding the fact that the Supreme Court has determined that "It is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance."

Hamilton v Dilley, 120 Oh St 127.

On said motion, the trial court was bound to give full credence to the evidence on behalf of plaintiff, and to give him the benefit of all reasonable inferences deducible from such evidence, and we are bound to do likewise.

Applying that rule, it is apparent that the evidence tends to prove that the operation of kiln No. 6 within forty feet of plaintiff's residence constitutes a private nuisance unless, under all the circumstances disclosed by the record, the defendant has a legal right to operate said kiln even though such operation interferes in a substantial and material manner with plaintiff's use of his property.

An act done under lawful authority, if done in a proper manner, does not make the party liable even if damage to another results from the doing of such lawful act, because the mere exercise of a clear right cannot be a legal wrong.

The rightful use of one's estate may not infrequently have some effect to diminish the value of an adjoining estate or prevent its being used with the comfort which might have been otherwise anticipated, but the law does not allow compensation therefor.

If my neighbor and I own small lots which adjoin, and he builds his house four feet from the line between our lots and I build my house close to said line, the effect may be to prevent the sun from ever shining in the windows on one side of his house, thus lessening the value of his estate and rendering its use less desirable; or my burning soft coal for the heating of my house may inconvenience him in the use of his yard for the drying of his washing; or the smoke from my house may make it necessary for him to keep certain of his windows closed or may considerably damage the furnishings in his house; but my use of my estate being lawful and reasonable, it is not a nuisance and he cannot collect damages from me for the inconvenience and injury suffered by him.

My right to use my estate in a particular way (so far as my neighbor is concerned) depends upon many circumstances. One such circumstance is the degree or extent of inconvenience or injury which my use of my estate causes my neighbor in the use of his estate. As has been heretofore illustrated, where there is no trespass or negligence, and the use is not unlawful or inherently noxious or dangerous, the owner of every estate in a closely-built-up and congested district must suffer some inconvenience and injury in the use of his estate without a right to compensation therefor, but the inconvenience and damage I may cause my neighbor without my use of my estate constituting a nuisance must be limited to that which, under all of the circumstances, is reasonable. Another circumstance to be considered in determining my right to use my estate in a particular way (so far as my neighbor is concerned) is the nature of the neighborhood where our estates are located at the time my neighbor came into the neighborhood and at the time it is claimed that my use of my estate became a nuisance. My use of my estate must not be unreasonable in view of the character of the neighborhood; if the neighborhood is devoted to manufacturing purposes, some of which, by the discharge of smoke, gases and odors, so affect the air over a considerable area as to make the

neighborhood where my estate is located a very undesirable place of residence, the use of my estate for manufacturing purposes which in like manner affects the air of the neighborhood, may not be inappropriate or unreasonable as against my neighbor, who knowing the character of the neighborhood and the use I am making of my estate, purchases a lot adjoining my manufacturing plant and erects and with his family occupies a house on such lot. The fact that he voluntarily places himself in a situation whereby he suffers inconvenience and injury from my use of my estate, is of importance in determining whether said use of my estate is reasonable and not injurious to such a reasonable use of his estate as he is entitled to.

"All that can be required of men who engage in lawful business is that they shall regard the fitness of locality. In the residence sections of a city, business of no kind is desirable or welcome. On the other hand one who becomes a resident of a trading or manufacturing neighborhood or who remains while in the march of events a residence district gradually becomes a trading or manufacturing neighborhood, should be held bound to submit to the ordinary annoyances, discomforts and injuries which are fairly incidental to the reasonable and general conduct of such business in his chosen neighborhood. The true rule would be that any discomfort or injury beyond this would be actionable; anything up to that point would not be actionable."
Eller v Koehler, 68 Oh St 51, at p. 57.

And if one becomes a resident of a manufacturing neighborhood and the circumstances are such that he should reasonably anticipate that in the course of natural development the inconveniences and annoyances incident to the business of manufactures in existing plants would increase, he should not be heard to complain of injury by reason of such increase.

In reference to the character of the case we are considering, it was the duty of the defendant to so reasonably use his estate as not to materially injure the plaintiff in the reasonable use of his; and if the defendant did so use his estate, such use did not constitute a nuisance, and he was not liable in damages; but whether the defendant did so use his property or whether his use under all the circumstances was an unreasonable use, were questions of fact for the determination of the jury.

"No definite rule can be given that is applicable to every given case, as each case must necessarily stand by itself, and be determined by a jury with reference to the circumstances peculiar to itself."
Wood's Law of Nuisances (2nd ed.), §638.

In this case it was error for the trial judge to determine the question of nuisance as a matter of law and direct a verdict upon the evidence offered in behalf of plaintiff.
For such error the judgment is reversed, and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.